```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

NANCY MOREHEAD,                    )
                                   )   No. CV-07-3032-CI
          Plaintiff,               )
                                   )   ORDER DENYING PLAINTIFF'S
v.                                 )   MOTION FOR SUMMARY JUDGMENT
                                   )   AND DIRECTING ENTRY OF
MICHAEL J. ASTRUE, Commissioner    )   JUDGMENT FOR DEFENDANT
of Social Security,                )
                                   )
          Defendant.               )
                                   )
                                   )
                                   )
```

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 17, 21.)  Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Leisa Wolf represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.)  After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Motion of Summary Judgment.

**JURISDICTION**

On July 9, 2001, plaintiff Nancy Morehead (Plaintiff) protectively filed applications for disability insurance benefits and Social Security Income benefits.  (Tr. 86-89, 219-23.) Plaintiff alleged disability due to mental impairments (bipolar, obsessive compulsive), hepatitis C, anger problems and abdominal

pain, with an onset date of December 1, 2000.  (Tr. 92.)  Benefits were denied initially and on reconsideration.  (Tr. 40, 45-47.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 5, 2004. (Tr. 332-54.)  The ALJ found Plaintiff disabled on December 22, 2004.  (Tr. 229-37.)  The Appeals Council vacated the hearing decision on its own motion, and remanded the case for further development of the record, evaluation of the effects of Plaintiff's substance abuse on her alleged disability, and if necessary, vocational expert testimony.[1]  (Tr. 253-55.) Pursuant to the Appeals Council remand, a hearing was held on April 19, 2006, before ALJ Paul Gaughen.  Plaintiff, who was represented by counsel, testified.  Medical expert Ronald Klein, M.D., and vocational expert Diane Kramer also testified. (Tr. 355-402.)  The ALJ denied benefits on November 21, 2006, and the Appeals Council denied review.  (Tr. 6-8, 13-32.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 52 years old (Tr. 383), and single with three adult children. (Tr. 201.)  She stated she lived with her daughter and granddaughter for everyday support.  (Tr. 384.)  Plaintiff reported she finished high school and had two years of college. (Tr. 98.)  Plaintiff has past work experience as a food server,

---

[1] Pursuant to 20 C.F.R. §§ 404.977, 416.1477, the hearing decision vacated by the Appeals Council has no binding effect on the ALJ decision before this court.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 2

laborer, greenhouse worker, and fast food worker. (Tr. 101.) Plaintiff testified she stayed in her room most of the time, but travels six times a week for therapy and random urinalysis testing (UA's). She stated she attends AA meetings and was enrolled in methadone treatment at the time of the hearing. (Tr. 384-87.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Gaughen found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 19.) At step two, he found Plaintiff had the severe impairments of a drug and alcohol abuse (DAA) induced mood disorder and alcoholism. He further found at step two that "absent DA/A [Plaintiff] does not have a severe impairment." (*Id.*) At step three, he determined Plaintiff's substance abuse induced mood disorder met the requirements of Section 12.09 of 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23.) He found that if Plaintiff stopped the substance abuse, however, "the remaining limitations would not cause more than a minimal impact on [her] ability to perform basic work activities," and she would not have a severe impairment or combination of impairments. (*Id.*) He determined Plaintiff's statements regarding her limitations were not totally credible, and found she did not have severe physical impairments. (Tr. 24.) He concluded DAA was a contributing factor material to Plaintiff's disability determination and, therefore, she was not "disabled" as defined by the Social Security Act. (Tr. 25.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a

disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in finding: (1) Plaintiff's drug and alcohol abuse was a contributing factor material to her disability; and (2) without the effects of substance abuse, she would have no severe impairments. She contends the ALJ improperly rejected the opinions of her medical

providers at step two when he evaluated her impairments without the effects of drug abuse. (Ct. Rec. 18 at 14.)

**DISCUSSION**

**A.  Sequential Evaluation in the Context of Substance Addiction**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Special statutes and regulations govern disability claims that involve substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*. If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante*, 262 F.3d 949, 955 (9th Cir. 2001). If found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a

drug-addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

Here, ALJ Gaughen properly considered Plaintiff's impairments with and without the effects of her long history of drug addiction and alcoholism. In his first sequential evaluation, he found at step 2 and 3 that Plaintiff's substance induced mood disorder and alcoholism were severe and met the Listing requirements under section 12.09. (Tr. 19.) This finding is supported by substantial evidence.

The record shows Plaintiff has struggled with heroin addiction for 30 years. (Tr. 140, 182.) The medical records submitted by Plaintiff consist primarily of treatment notes and psychological evaluations conducted in conjunction with her mental health/ DAA treatment at Central Washington Comprehensive Mental Health (CWCMH) from 1998 through 2006. (Tr. 127-218, 278-89, 291-328.) Plaintiff does not challenge the ALJ's findings at step two that, with the effects of her drug addiction, she met the Listings under section 12.09. (Tr. 23.) She asserts, however, that in the ALJ's second sequential evaluation, he failed to properly evaluate the medical evidence during an alleged period of abstinence in 2003 to 2004. (Ct. Rec. 18 at 10.) She contends the record supports a step two finding that she had severe mental impairments without the effects of substance addiction during that period. (Ct. Rec. 18 at 13.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

**B.   Step Two Determinations**

To satisfy step two's requirement of a severe impairment, the Plaintiff must provide medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20. C.F.R. § 416.929. The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling (SSR)* 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.[2]

As discussed above, where drug or alcohol addiction is a consideration, the Commissioner must evaluate impairments with and

---

[2] A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 8

without the effects of substance addiction in the step two analysis. *Bustamante*, 262 F.3d at 955. However, the Ninth Circuit has held explicitly that where disability is established with the effects of DAA, the "claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor to [her] disability." *Parra*, 481 F.3d at 748.

Here, the ALJ considered the opinions in a Psychiatric Evaluation by Sandy Birdlebough, Ph.D., ARNP, dated November 19, 2003. (Tr. 200-02.) Also reviewed and summarized in the decision were treatment notes and evaluation forms completed by mental health counselor Christopher Clark, M.Ed LMHC, dated September 2003 and September 2004 (Tr. 176-185), records and intake assessment by CWCMH counselor Tricia Jennings dated August 18, 2005 (Tr. 278-81), and mental residual functional capacity assessment summary conclusions, completed by Kris Davis, MA, dated November 8, 2005.[3] (Tr. 278-83, 288-89.)

The ALJ found all assessments by the mental health providers reflected Plaintiff's limitations with the effects of drug addiction and/or alcoholism. (Tr. 25.) He concluded if Plaintiff stopped the substance abuse, "the remaining limitations would not cause more than a minimal impact on [her] ability to perform basic work

---

[3] The record indicates Mr. Clark was Plaintiff's intake specialist at CWCMH in 2003 and 2004. Ms. Jennings was Plaintiff's counselor at CWCMH August 30, 2005, to May 26, 2006. Plaintiff testified in April 2006 that Ms. Davis was her mental health therapist. However, the record does not include treatment notes signed by Ms. Davis. (Tr. 192, 207, 386.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 9

activities." (Tr. 23.) Plaintiff asserts she was clean and sober from 2003 to 2004,[4] and argues the ALJ improperly rejected the opinions of her providers that (1) she had severe mental impairments during that period of alleged abstinence, and (2) her psychological limitations were not due to DAA. (Ct. Rec. 18 at 14.)

1. <u>Acceptable Medical Sources</u>

In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources, such as Dr. Birdlebough and medical expert Dr. Klein. 20 C.F.R. §§ 404.1527 (d), 416.927 (d). Unless properly rejected, a treating or examining psychologist's opinion is given more weight than that of a non-examining psychologist. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating doctor's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for a doctor's report based substantially on a claimant's subjective complaints as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v.*

---

[4] Plaintiff apparently concedes DAA was a contributing factor material to her mental impairments during the years. (*See* Ct. Rec. 18 at 12, 13-14.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

*Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The ALJ is not required to accept the opinion of a treating or examining physician if that opinion is brief, conclusory and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by the ALJ may be helpful in his adjudication. *Andrews,* 53 F.3d at 1041 *(*citing *Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

It appears Dr. Birdlebough was a supervising psychologist at CWCMH, as well as an ARNP involved in medication management. (Tr. 197.) In November 2003, she conducted an interview and Mental Status Examination, during which Plaintiff reported her last illegal drug use was July 2002. (Tr. 200.) In a CWCMH progress note, also dated November 19, 2003, and co-signed by Dr. Birdlebough, the counselor noted Plaintiff was there for her initial appointment. Plaintiff reported she was paroled in April 2003 and was attending chemical dependency treatment elsewhere. (Tr. 197.) Dr. Birdlebough reported Plaintiff had "marked symptoms of obsessive-compulsive behavior that includes cleaning excessively and repetitive counting . . . [and] marked symptoms of anxiety, social isolation, and avoidance." (Tr. 202.) She concluded Plaintiff fit criteria for major depressive disorder which was "more of a dysthymic disorder" rather than a major depression episode. *Id*. Based on the interview, Dr. Birdlebough diagnosed obsessive compulsive disorder, dysthmia, opiate dependence in reported

remission, anxiety disorder, NOS, personality disorder, NOS, with dependent, avoidant, narcissistic, histrionic and antisocial traits, with marked symptoms. She opined Plaintiff had "over a year clean and sober," based on Plaintiff's self report. (Tr. 200, 202.) Plaintiff was prescribed Paxil and trazodone. (Tr. 202.)

In his analysis, the ALJ gave limited weight to Dr. Birdlebough's evaluation and relied on the testimony of medical expert, Ronald Klein, M.D. (Tr. 25.) Dr. Klein testified at length on the effects of a 30-year heroin addiction on an individual's mental health. He explained that using two grams of heroin per day and cocaine one to two times per week would significantly affect her mental health, and the effects would not resolve in the short periods of abstinence discussed in the record. (Tr. 369, 373, 376.) Contrary to Plaintiff's alleged sobriety in 2003 and 2004, Dr. Klein's review of the entire record at the hearing revealed that Plaintiff reported two relapses with alcohol in 2004. (Tr. 210, 366.) In addition to reported relapses, the record indicates she sought drug addiction treatment after being released from jail in 2005, and during that treatment, admitted her last use of cocaine was in 2003 and marijuana in 2004. (Tr. 279.)

Dr. Klein testified Plaintiff's treatment record evidenced an "established behavior pattern" for long term use, indicating the same level of use in 2000 as in 2005. (Tr. 365, 369, 371.) This testimony is supported by the record, which also documents multiple unsuccessful treatment attempts, with discharges due to alcohol relapse. (Tr. 152-53, 174, 279, 282.) In November 2005, counselor Jennings expressed concern that Plaintiff was not abstinent, based

on Plaintiff's self-reported alcohol consumption and admission that she drank when her daughter was not home. (Tr. 308-09.) In December 2005, she had a positive alcohol test, and in 2006, she admitted using heroin while in jail. (Tr. 315, 320.) In March 2006, Plaintiff resumed treatment after release from jail. At that time, Ms. Jennings noted "there is no way to tell how much she has been using since she was gone." (Tr. 320.)

Significantly, Dr. Klein testified that substance abuse induced mental disorders "do not end when someone goes into remission" and the length of remission is relative to the materiality of drug addiction on her mental impairments. (Tr. 373, 376.) He also explained on cross examination that Plaintiff's anxiety and depression were related to her use of drugs, as well as the intermittent withdrawal from drugs after every use episode. (Tr. 378.) The ALJ interpreted the evidence, including reports by the treatment providers, as consistent with Dr. Klein's testimony that Plaintiff's impairments were not severe without the effects of DAA. (Tr. 23, 372.)

After summarizing Dr. Birdlebough's findings, the ALJ gave specific reasons for giving little weight to her opinions, finding (1) they were not based on objective testing, (2) they were based on Plaintiff's unreliable self report,[5] and (3) they were not

---

[5] A claimant's credibility is an appropriate factor considered in the evaluation of medical evidence. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). The ALJ, who is responsible for determining credibility, found Plaintiff's testimony regarding the severity of her limitations was not entirely credible. *Andrews*, 53

F.3d at 1039. His determination is supported by "clear and convincing reasons." *Thomas*, 278 F.3d at 958-959. Specifically, he found the record indicates she is able to care for her personal needs; she attends meetings with people she has known for 20 years and attends therapy monthly (contrary to testimony that she rarely comes out of her room and has panic attacks around other people); she has refused to complete urinalysis tests; she was assessed as having no perceptual disturbances (contrary to her testimony of having agoraphobia); and she misrepresented her use of marijuana and methamphetamine to her counselors. (Tr. 24.)  The court may also make "legitimate inferences" from the ALJ's opinion. *See, e.g., Magallanes,* 881 F.2d at 755. In his summary of Plaintiff's August 2005 mental status exam, the ALJ noted Plaintiff denied hallucinations or delusion; her thought content was observed as appropriate, her judgment was good, speech and body movements were normal. (Tr. 21.)  Inconsistencies in the record noted in the ALJ's opinion include: In August 2005, she reported to Ms. Jennings she was abstinent from illegal drugs from 1991 to 1995, but used cocaine in 2003, and marijuana in 2004; in November 2003, she reported to Dr. Birdlebough her last use was July 2002. (Tr. 183, 200, 279.) She also reported to Ms. Jennings that her longest period of abstinence was her last methadone treatment, which Mr. Clark noted in his September 2003 evaluation as having been from June 12, 2001, through November 2001 at CWCMH.  (Tr. 182.)  Plaintiff failed to follow up with treatment in December 2003, admitted abusing her prescription medication and was incarcerated several times during

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 14

consistent with the testimony of Dr. Klein, who had an opportunity to view Plaintiff's longitudinal substance abuse history. (Tr. 20, 25, 200-01, 210.) These are specific, legitimate reasons to reject a treating psychologist's opinion. *Flaten*, 44 F.3d at 1463-64. As discussed above, symptoms alone are insufficient to establish a severe impairment, and the ALJ properly rejected Dr. Birdlebough's diagnoses due to a lack of objective testing results. 20 C.F.R. §§ 404.1529, 416.929; *Ukolov v. Barnhart,* 420 F.3d 1002, 1005 (9th Cir. 2005) (alleged symptoms do not establish severe impairment at step two without objective testing results to confirm impairment); *SSR 96-4p* (objective medical abnormalities required to establish mental impairment).

The ALJ reasonably relied on Dr. Klein's testimony which is supported by substantial evidence. The record shows inconsistencies in reporting by Plaintiff, evidence of ongoing drug use, no significant limitations on activities of daily living, no significant effect on actual work activities, and noncompliance with substance addiction treatment program. (Tr. 308, 309, 314, 324.) *See supra* n.5. Plaintiff's reports of abstinence are inconsistent and undocumented. Substantial evidence supports the ALJ's interpretation of the evidence, and his rejection of Dr. Birdlebough's evaluation based on Plaintiff's self report. *Webb*, 433 F.3d at 688; *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

---

the period at issue. (Tr. 19-21 .) The ALJ did not err in discounting the severity of Plaintiff's alleged symptoms and allegations of abstinence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 15

2. <u>Mental Health Therapists</u>

The opinions of Mr. Clark and Ms. Davis are considered "other source" opinions under the Regulations. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater,* 74 F.3d 967, 970-71. (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232.

Pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it. Here, the ALJ summarized the therapists form evaluations and gave legally sufficient reasons for rejecting the limitations assessed by her counselors. He also rejected their representations that Plaintiff was "clean and sober" during the time they assessed her. (Tr. 25.) Specifically, he found the assessments were based on unreliable self-report, did not reflect limitations without DAA, and were not consistent with the testimony of Dr. Klein, an acceptable medical source. (Tr. 25.) These are legally sufficient to reject "other source" opinions.

Contrary to Plaintiff's report to Mr. Clark that she was drug free between 2003 and 2004, the record shows she had ongoing

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 16

problems with treatment compliance and abstinence. She was relapsing during this time, as indicated by her self-reported cocaine and marijuana use (Tr. 210), and alcohol use in April and December 2004. (Tr. 279). Further, there is no evidence that symptoms observed by her counselors interfered with actual work activities or activities of daily living.[6] The ALJ's rejection of the counselors' form reports was not legal error. Because there is no credible evidence of abstinence, Plaintiff has not met her burden of proving DAA was not material to her mental disorder disability. *Parra*, 481 F.3d at 748.

**CONCLUSION**

Plaintiff has the burden of proving her 30-year history of

---

[6] Plaintiff's argument that the ALJ had a duty to inquire as the basis of Mr. Clark's opinions is unpersuasive. "Other source opinions" that conflict with those of an acceptable medical source do not give rise to this duty. Further, an ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). The ALJ reasonably relied on Dr. Klein's unambiguous testimony that was supported by the record. Plaintiff's reliance on *Smolen* is misplaced, as the opinions at issue in that case were those of an acceptable medical source whose opinions were uncontroverted and corroborated. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

heroin addiction and alcoholism is not a contributing factor material to her mental disorder disability. Plaintiff did not meet her burden of proof, and the ALJ's interpretation of Plaintiff's medical records and expert testimony is reasonable. The ALJ's findings that substance addiction is a contributing factor material to Plaintiff's disability, and without substance addiction she has no severe impairments are without legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

DATED August 19, 2008.

                      S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE